# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO MONTANO,<br><br>        Plaintiff,<br><br>  v.<br><br>G. GALAZA, et al.,<br><br>        Defendants. | 1: 03 CV F- 5891 REC DLB P<br><br>ORDER FOLLOWING REMAND FROM NINTH CIRCUIT COURT OF APPEAL |

Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. On July 15, 2004, the Court granted defendants' motion to dismiss this action in its entirety for failure to state a claim upon which relief can be granted and entered judgment in favor of defendants. Plaintiff filed an appeal with the Ninth Circuit Court of Appeal. On July 20, 2005, the Court of Appeal vacated this Court's order and remanded the case to allow plaintiff to file an amended complaint. The Court of Appeal concluded that this Court should have granted plaintiff leave to amend his complaint even if no request to amend the pleading was made.

Accordingly, plaintiff is ORDERED to file an amended complaint within 30 days of this order. In doing so, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

1  The complaint must allege in specific terms how each named defendant is involved. There can be no
2  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
3  defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v.</u>
4  <u>Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).
5       In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
6  make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended
7  complaint be complete in itself without reference to any prior pleading. This is because, as a
8  general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d
9  55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer
10 serves any function in the case. Therefore, in an amended complaint, as in an original complaint,
11 each claim and the involvement of each defendant must be sufficiently alleged. Failure to file an
12 amended complaint as ordered will result in a recommendation that this action be dismissed.
13      IT IS SO ORDERED.
14 **Dated:    July 25, 2005**                              **/s/ Dennis L. Beck**
15 3b142a                                               UNITED STATES MAGISTRATE JUDGE